### MEADOWS v. THE STATE.

COBB, P. J.    1. Where one entrusts another with money with which to buy whisky for him, the person so entrusted not receiving any profit from the transaction or compensation for his service, that person is not guilty of retailing without a license merely for the reason that he receives the money, expends it in the purchase of whisky, and delivers it to the person who entrusted him with the money. This is true even though the person purchasing the whisky for the other purchases at the same time for himself an equal quantity, and all is placed in one vessel, and thereafter divided between them. If in a given case the jury is satisfied that the transaction in question is of the character above indicated, a conviction for the offense of retailing without a license would be unauthorized; but if the jury should be of the opinion that such was not the real transaction, but the whole was a scheme to cover an illegal sale of whisky, a conviction would be authorized.

2. One of the instructions of the judge, upon which error was assigned, not being consistent with the rule above laid down, and the error thus committed being, under the facts of the case, of such a character as to prejudice the accused, a new trial should have been granted.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

Argued December 17, 1906,—Decided January 15, 1907.

Indictment for selling liquor.    Before Judge Reagan.    Henry superior court.    October 27, 1906.

Hope Meadows was convicted under an indictment charging him with having sold spirituous and intoxicating liquor without a license.  On the trial Lee Williams testified: "Hope Meadows worked for me for standing wages. . . He remarked he was going to send for him some liquor to drink these cold mornings.  I

handed him a dollar and told him to order me some too. After several days Clarence Weems came to my house and said Hope Meadows wanted me to come down to his house. I went down and Hope said our liquor had come. He then poured mine into a quart bottle, and poured from the quart bottle into another jug. I got nearly a half gallon. I do not know whether any was left in the jug or not, after he poured out mine. It came in a gallon jug." Clarence Weems testified: "Hope Meadows gave me $2.30 and asked me to send and get a gallon of liquor. I sent $2 to Atlanta for the liquor, and ordered it in my name, and it was shipped in my name; got the jug from the express office at McDonough and carried it to Hope Meadows' house, and Hope asked me to go up to Mr. Williams' house and tell him to come down, that he wanted to see him. Mr. Williams came back with me and got the jug out and brought it back with him. It was the same jug I bought. I did not see them divide the liquor. I was not in the room." The accused, in his statement to the jury, said: "I did not sell any liquor to Mr. Williams. . . I took Mr. Williams' money and had his sent with mine, for his accommodation, and did not know I had done anything wrong. I gave the money to Clarence Weems, and he sent in his own name for the liquor and brought it to me, and . . I told him to . . tell Mr. Williams our liquor had come. Mr. Williams came and we divided the liquor."

One of the grounds of the defendant's motion for a new trial, the overruling of which is assigned as error, is that the court erred in charging the jury as follows: "If you find from the evidence that the witness in the case delivered to the defendant money with which to order whisky for him—for the witness; if you believe that the defendant ordered whisky for himself as well as the witness, through another party, and gave the money to another party, and through that party ordered the whisky; and if it was delivered to the defendant by the other party in bulk,—that is, the whisky all together; and if from that bulk he received in bulk in this county, and if in this county he separated it,—that is, took a portion of it from the bulk and delivered it to the witness, in consideration of the money he had received from him, and that all occurred in this county, . . that would be a sale in law, and a sale in this county. The sale would not be complete until the whisky was delivered to the witness by the defendant, and it would

not be delivered until it was separated from the other whisky, if it was in bulk." It is alleged that this charge was error because it does not contain all the elements of a sale,—that is, identification of the thing sold, agreement as to the price to be paid, and consent of the parties, and does not apply to the facts of the case, and is misleading, and fails to set out a contract of sale.

*Brown & Brown,* for plaintiff in error.

*O. H. B. Bloodworth, solicitor-general,* contra.